UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO.: 8:20-CR-200- VMC-CPT

WILLIAM ZAMORA THYNE
_____/

SENTENCING MEMORANDUM

The Defendant, WILLIAM ZAMORA THYNE, by and through his undersigned counsel, pursuant to 18 U.S.C §§ 3551 and 3553(a), hereby moves this Honorable Court to vary below his advisory guideline range and impose a sentence of 48 months imprisonment followed by at least five years of supervised release. As grounds in support thereof, Mr. Thyne shows the following:

On March 22, 2021, Mr. Thyne will appear before this Honorable Court to be sentenced for conspiring to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C §§ 70503(a) and 70506(a) and (b). Docs. 1, 99 and 151.

Mr. Thyne is a 53-year-old who has been able to work and provide for the care of himself and his family all his adult life- that is until the COVID-

19 pandemic hit. PSR ¶¶ 18 and 67. He is before this Honorable Court for sentencing because he found himself without work, hungry, and unable to provide for his himself and his family. *See Id.*

## REQUEST FOR A REASONABLE SENTENCE PURSUANT TO 18 U.S.C. § 3553(a)

Mr. Thyne pled guilty pursuant to a written plea agreement and has accepted responsibility for his criminal acts. PSR ¶ 6. The Presentence Investigation Report (PSR) prepared in this case identifies Mr. Thyne's total offense level as 33 with a criminal history category of I, resulting in an advisory guideline imprisonment range of 135 to 168 months imprisonment. PSR ¶¶ 29, 35 & 70. Mr. Thyne respectfully moves this Honorable Court to impose a sentence of 48 months imprisonment followed by at least five years of supervised release as that is a sentence that is "sufficient but not greater than necessary" to accomplish the purposes of sentencing, as enumerated in 18 U.S.C. § 3553(a), and one that is supported by the specific 18 U.S.C. § 3553(a) factors highlighted below.

### The history and characteristics of William Zamora Thyne

Mr. Thyne was born in Sydney Point, Nicaragua on October 25, 1967. PSR ¶ 39. He was raised by his maternal grandparents after being abandoned by his mother. *See* PSR ¶¶ 40-41. He has no relationship with his birth mother or any of his siblings, all of whom grew up with his mother. PSR ¶¶

2

40 and 42. His grandparents were able to provide for his basic needs and he grew up in a home filled with love. PSR ¶ 43. He attended school for approximately six years and had to stop when the Contra War began in his country. PSR ¶ 64. At 17 years old, Mr. Thyne attempted to flee to Costa Rica to avoid the war and continue his education but was turned away at the border by the Nicaraguan Democratic Force (FDN) and forced to fight for them. PSR ¶¶ 49 and 64. He was able to successfully flee to Costa Rica about three years later and start his adult life there. PSR ¶ 49.

Mr. Thyne has seven children, all of which are adults except for his six-year-old daughter Jackie. PSR ¶¶ 44-46. To provide for his children, he has worked his entire adult life in fishing, mason and cement work, and most recently as a landscaper. *See* PSR ¶¶ 66-67. Since the shutdown in Costa Rica due to the COVID-19 pandemic, both Mr. Thyne and his partner of the last four years, Joann Water, have not been able to find work. PSR ¶¶ 18, 47 and 67. William Zamora Thyne's history and characteristics suggest that a sentence of 48 months imprisonment would be "sufficient but not greater than necessary" to comply with the purposes of sentencing as enumerated in 18 U.S.C. § 3553(a).

### The nature and circumstances of the offense

The offense itself is synonymous with most other boat cases that come

3

before this Court: Mr. Thyne, a poor person, was hired by a drug lord to transport their drugs on the high seas in exchange for money. However, these drugs did not reach their intended destination and Mr. Thyne and his four co-defendants were caught and taken into custody without incident. This was a non-violent offense and there were no acts of violence towards anyone involved.

> **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

Mr. Thyne understands the seriousness of his conduct, is remorseful for having committed this offense, and accepts that he must be punished for his involvement in the offense. He asks this Court to consider that this was a non-violent offense with no victims or restitution. Mr. Thyne also asks the Court to consider his lack of a prior criminal history and his cooperation with law enforcement, which was significantly delayed, due to no fault of his own, by the difficulties finding a Patois interpreter and the lockdown conditions at the Pinellas County Jail due to the COVID-19 pandemic. A sentence of incarceration below the advisory guideline range would promote respect for the law and provide just punishment considering Mr. Thyne's characteristics and history and considering the specific circumstances of this case mentioned above.

WHEREFORE the Defendant, WILLIAM ZAMORA THYNE, respectfully moves this Honorable Court to impose a sentence of 48 months imprisonment followed by at least five years of supervised release.

Respectfully submitted this 21st day of March 2021.

                    JAMES T. SKUTHAN
                    ACTING FEDERAL DEFENDER

By: **_s/ Adrian E. Burden_**
     Adrian E. Burden, Esq.
     Assistant Federal Defender
     Florida Bar No. 0089781
     400 North Tampa Street
     Suite 2700
     Tampa, Florida 33602
     Phone: (813) 228-2715
     Facsimile: (813) 228-2562
     Email: Adrian_Burden@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to:

AUSA Dan Baeza

By: **_s/ Adrian E. Burden_**
     Adrian E. Burden, Esq.
     Assistant Federal Defender